**FILED**
**Feb 07, 2020**
**10:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| **MARK HORTON,** | ) | **Docket No.: 2019-04-0068** |
| Employee, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | **State File No.: 75773-2016** |
| Employer, | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **LIBERTY MUTUAL INS. CO.,** | ) | **Judge Robert Durham** |
| Insurer. | ) | |

## COMPENSATION HEARING ORDER

The Court held a Compensation Hearing on January 31, 2020. The sole issue involved a question of first impression: May the Court consider awarding attorney's fees under Tennessee Code Annotated § 50-6-226(d)(1) when the issue was not preserved in a post-mediation Dispute Certification Notice? Based on the facts before this Court in this case, the answer is no.

### Factual Stipulations

The parties stipulated to the following facts:

- Mr. Horton suffered a left-knee injury on September 26, 2016.
- The injury primarily arose out of and the course and scope of his employment with UPS.
- UPS paid all medical expenses.
- UPS paid all temporary disability benefits at the agreed compensation rate of $888.
- Mr. Horton suffered a one-percent whole-body impairment and he is not entitled to any of the statutory multipliers.

1

- Mr. Horton is entitled to all workers' compensation benefits afforded by law for his injury.

## Analysis

As noted above, the only issue was the question of Mr. Horton's counsel's entitlement to attorney fees under Tennessee Code Annotated section 50-6-226(d)(1) (2019). Under Tennessee Code Annotated § 50-6-239(b)(1), only issues certified by the mediator in a dispute certification notice may be presented to the judge for adjudication. Here, the issue does not appear on the dispute certification notice. Mr. Horton's attorney did not raise this issue until closing argument. Also, counsel presented no evidence that UPS "wrongfully" denied benefits to Mr. Horton, as required by section 50-6-226(d)(1), except that the parties failed to resolve the claim at mediation despite UPS's stipulation to all material facts. Under these circumstances, the Court declines to order UPS to pay attorney's fees to Mr. Horton's counsel.

It is, therefore, **ORDERED**, that:

1. UPS shall pay Mr. Horton $3,996.00 as a lump-sum in permanent partial disability benefits.

2. UPS shall provide the reasonable, necessary medical treatment for Mr. Horton's work-related left-knee injury for his lifetime. Dr. Roy Terry shall be Mr. Horton's authorized treating physician.

3. Mr. Horton's request that UPS pay his attorney's fees is denied. Mr. Dunigan shall receive $799.20 in attorney's fees, which equates to 20% of the disability award.

4. Absent an appeal, this Order shall become final in thirty days.

5. The filing fee of $150.00 is taxed to UPS under Tenn. Comp. R. & Regs. 0800-02-21-.07, to be paid to the Court Clerk within ten days and for which execution may issue as necessary.

6. UPS shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED** February 7, 2020.

Robert Durham, Judge
Court of Workers' Compensation Claims

2

# APPENDIX

Exhibits:

1. Wage Statement
2. Mr. Horton's deposition
3. Dr. Terry's C-32 Medical Report
4. UPS's Physical Demand Assessment
5. Dr. Terry's Medical Records
6. Excerpts from UPS's Interrogatory Responses

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Order
4. UPS's Pre-Compensation Hearing Memorandum
5. Mr. Horton's Trial Brief and Pre-Hearing Statement
6. UPS's Exhibit List
7. Mr. Horton's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 7, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|-------------------|
| Brian Dunigan | | | X | brian@poncelaw.com <br> mmcginnis@poncelaw.com |
| David Hooper | | | X | dhooper@hooperzinn.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims

WC.CourtClerk@tn.gov

3



<u>Compensation Hearing Order Right to Appeal</u>:

   If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*